UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA      :     INDICTMENT

    -v-      :     09 Cr.

KAY OYEWUMI,      :
TUNDE OGUNRINKA,
    a/k/a "Baba Tolani,"      :
TAIWO ADEKANBI,
    a/k/a "Taiye,"
ADEMILOLA OGUNMOKUN,
    a/k/a "Olasupo Ogunmokun,"      :
    a/k/a "Aburo,"
FNU LNU,      :
    a/k/a "Saeed,"
    a/k/a "Reginal Davis,"      :
    a/k/a "Tony McKinnon,"
                         Defendants.      :

- - - - - - - - - - - - - - - - - -x



## COUNT ONE

The Grand Jury charges:

1.  From in or about February 2008, up through and including in or about April 2009, in the Southern District of New York and elsewhere, KAY OYEWUMI, TUNDE OGUNRINKA, a/k/a "Baba Tolani," TAIWO ADEKANBI, a/k/a "Taiye," OLASUPO OGUNMOKUN, a/k/a "Aburo," and FNU LNU, a/k/a "Saeed," a/k/a "Reginal Davis," a/k/a "Tony McKinnon," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that KAY OYEWUMI, TUNDE OGUNRINKA, a/k/a "Baba Tolani," TAIWO

ADEKANBI, a/k/a "Taiye," OLASUPO OGUNMOKUN, a/k/a "Aburo," a/k/a "Jimmy," and FNU LNU, a/k/a "Saeed," a/k/a "Reginal Davis," a/k/a "Tony McKinnon," the defendants, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, one and more kilogram of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

## OVERT ACTS

3. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about March 21, 2009, OYEWUMI and TUNDE OGUNRINKA, a/k/a "Baba Tolani," the defendants, participated in a telephone conversation concerning a heroin transaction.

    b. On or about March 25, 2009, OYEWUMI and FNU LNU, a/k/a "Saeed," a/k/a "Reginal Davis," a/k/a "Tony McKinnon," participated in a telephone conversation concerning a heroin transaction.

    c. On or about April 1, 2009, OYEWUMI and TAIWO ADEKANBI, a/k/a "Taiye," the defendants, participated in a telephone conversation concerning a heroin transaction.

    d. On or about April 8, 2009, OYEWUMI and OLASUPO OGUNMOKUN, a/k/a "Aburo," the defendants, participated in a

telephone conversation concerning a heroin transaction.

    e. On or about April 8, 2009, OYEWUMI and a co-conspirator not charged herein participated in a telephone conversation about narcotics, during which OYEWUMI was in New York, New York.

    f. On or about May 27, 2009, a small envelope of heroin was found in OYEWUMI's former locker at the Hospital for Joint Disease on First Avenue at 17th Street in Manhattan, where OYEWUMI worked as a security guard.

    (Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATIONS

    4. As a result of committing the controlled substance offense alleged in Count One of this Indictment, KAY OYEWUMI, TUNDE OGUNRINKA, a/k/a "Baba Tolani," TAIWO ADEKANBI, a/k/a "Taiye," ADEMILOLA OGUNMOKUN, a/k/a "Olasupo Ogunmokun," a/k/a "Aburo," and FNU LNU, a/k/a "Saeed," a/k/a "Reginal Davis," a/k/a "Tony McKinnon," shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the narcotics violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the narcotics violation alleged in Count One of the Indictment.

    5. If any of the property described above as being

subject to forfeiture, as a result of any act or omission of any defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846, and 853.)

_____  
FOREPERSON

_____  
LEV L. DASSIN  
Acting United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

KAY OYEWUMI,
TUNDE OGUNRINKA,
    a/k/a "Baba Tolani,"
TAIWO ADEKANBI,
    a/k/a "Taiye,"
ADEMILOLA OGUNMOKUN,
    a/k/a "Olasupo Ogunmokun,"
    a/k/a "Aburo,"
FNU LNU,
    a/k/a "Saeed,"
    a/k/a "Reginal Davis,"
    a/k/a "Tony McKinnon,"

Defendants.

## INDICTMENT

09 Cr.

(21 U.S.C. § 846.)

LEV L. DASSIN
Acting United States Attorney.

A TRUE BILL

Foreperson.

*[handwritten: Indictment filed, case assigned to judge Sullivan. F. Maas, USMJ]*